UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAYNARD MUNROE,

                          Plaintiff,

v.

FEIN, SUCH & CRANE, LLP and
CALIBER HOME LOANS,

                         Defendants.

**MEMORANDUM AND ORDER**

22-CV-4052 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

Maynard Munroe ("Plaintiff"), proceeding pro se, brings this action against Fein, Such & Crane, LLP ("FSC") and Caliber Home Loans ("Caliber") (together, "Defendants"), asserting constitutional claims pursuant to 42 U.S.C. § 1983 and various state law causes of action. Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint in its entirety.

## BACKGROUND[1]

Plaintiff was the owner of a property located in Queens Village, New York. (Am. Compl., Ex. B, at 2, ECF No. 4.) In July 2006, Plaintiff executed a mortgage on the property and delivered it to Aegis Wholesale in exchange for a $300,000 note. (*Id.* at 13.) His mortgage was subsequently assigned to Aurora Loan Services, LLC ("Aurora"). (*Id.* at 12-13.) Plaintiff eventually fell behind on his mortgage payments and, given the delinquency, Aurora moved to foreclose on the property in New York state court. (*Id.*) During the foreclosure proceedings, the

---

[1] The following facts taken from the Amended Complaint are assumed to be true for the purpose of deciding the instant motion. (ECF No. 4.)

mortgage was reassigned to U.S. Bank Trust, N.A., for whom Caliber served as loan service and attorney-in-fact, and FSC served as counsel in the foreclosure action. (*Id.* Ex. C at 22.)

On February 14, 2020, Plaintiff filed a lawsuit against Defendants in this District, alleging that their actions during the state court foreclosure action violated the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶ 15.) Shortly thereafter, Plaintiff entered into a settlement agreement with the Defendants and stipulated to dismissal of the case with prejudice. (*Id.* ¶ 17, Ex. E, at 83.) Plaintiff now brings this action, alleging that Defendants have breached that settlement agreement. (*Id.* ¶ 17, Ex. E, at 83.)

## STANDARD OF REVIEW

When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot." *Id*. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction." *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)). A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively "identical." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.,* 943 F.3d 613, 616 (2d Cir. 2019) (citation omitted). Among the most important of these limits is subject matter jurisdiction, which informs "a court's competence to adjudicate a particular category of cases." *Id*. at 617 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006)). To establish subject matter jurisdiction, a plaintiff may either (1) "plead[] a colorable claim arising under the Federal Constitution or laws," or (2) "present[] a claim between parties of diverse citizenship that exceeds the required jurisdictional amount" of $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing 28 U.S.C. § 1331, 1332).

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff purports to raise a federal question by asserting claims under § 1983 and the due process clause of the Constitution. (Am. Compl. ¶ 2 (citing 28 U.S.C. § 1331).) As a threshold matter, Plaintiff's Section 1983 and due process claims are not separate causes of action. As Defendants correctly note, Section 1983 is simply the vehicle for commencing a civil action for alleged violations of constitutional rights, but it does not give rise to a separate cause of action. *See Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."); (Def's. Joint Not. Mot. Dismiss ("Defs.' Mem.") at 7 n.2, ECF No. 16-8.) The Court will therefore construe Plaintiff's Section 1983 and due process claims as a singular cause of action for deprivation of due process brought under Section 1983. In any event, Defendants maintain that the case is ripe for dismissal because Plaintiff fails to sufficiently plead a cause of action under Section 1983. (*Id.*) The Court agrees.

To maintain a Section 1983 claim for violation of a constitutional right, a plaintiff is "required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *see also United States v. International Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir.1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). The state action requirement is a "jurisdictional prerequisite." *Perez v. Sugarman*, 499 F.2d 761, 764 (2d Cir. 1974*); see also Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 429 (2d Cir. 1977) (affirming dismissal "for lack of jurisdiction" where alleged denial of constitutional rights did not amount to "state action").

As Defendants correctly argue, "Plaintiff has not alleged any facts whatsoever to claim that Defendants constitute a state actor in this case or that Defendants' involvement in the Foreclosure Action somehow constitutes state action." (Defs.' Mem. at 7.)  Indeed, even under a liberal reading of the allegations fails provide a basis for the Court to infer state action because the underlying dispute here stems from private contracts entered between private entities.  And as the Supreme Court has long ago held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Accordingly, there are only "a few limited circumstances" where "a private entity can qualify as a state actor," including "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted).  The purely private conduct alleged here does not come close to meeting any of these exceptions.[2]  Plaintiff's Section 1983 claim is therefore dismissed for failure to establish state action.

Having dismissed Plaintiff's lone federal claim, the Court lacks jurisdiction over Plaintiff's remaining state law claims.[3]  Plaintiff's state law claims fail to raise any federal question, 28 U.S.C. § 1331, and Plaintiff does not claim that the parties are diverse, 28 U.S.C. § 1332.  The Court also declines to exercise supplemental jurisdiction over the remaining state law

---

[2] Rather than respond to the merits of Defendants' arguments, Plaintiff filed an untimely motion for leave to file a second amended complaint, which the Court addresses further below.

[3] The Amended Complaint vaguely asserts that Defendants participated in a "federal criminal conspiracy" and "[o]bstruct[ed] [] The Administration of Justice." (Am. Compl. at 6, 12.)  To the extent Plaintiff seeks to assert claims for violation of federal criminal statues, "these claims are not cognizable, as federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

claims. *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir.1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed"). The Court therefore dismisses all claims in the Amended Complaint.

## II.     PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS DENIED

Rather than respond to Defendants' motion to dismiss by December 19, 2022—as ordered by the Court—Plaintiff filed a motion for a pre-motion conference on January 27, 2023, seeking leave to amend his complaint (for a second time) after receiving Defendants' motion to dismiss. (Pl.'s Pre-Motion Conf. Ltr. ("Pl.'s PMC Ltr.") at 1, ECF No. 17.)

Ordinarily, "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Kohn v. Esposito*, No. 19-CV-2163, 2021 WL 1163071, at *3 (E.D.N.Y. Mar. 26, 2021) (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)). Specifically, "when a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)

Here, Plaintiff seeks leave to file a Second Amended Complaint "to convert this action into a RICO action, naming as party to this action is the third Defendant-US BANK Trust N.A. as Trustee for LSF 10 Master Participation Trust." (Pl's PMC Ltr. at 1.) Plaintiff also seeks to "remove certain counts of his previous Complaints." (*Id.* at 2.) Defendants respond that

6

repleading to add a RICO claim is futile. (Defs.' Reply Supp. Mot. Dismiss ("Defs.' Reply") at 1, ECF No. 18); (Defs.' Resp. Pl.'s PMC Ltr. ("Defs.' Resp. Ltr.") at 2, ECF No. 19.) The Court agrees with Defendants.

Although Plaintiff seeks to "convert" his legal claims, the facts underlying his case remain the same. They arise from Defendants' alleged breach of the settlement agreement reached in a separate state court action, such that Plaintiff claims that he is now owed damages. *See* (Am. Compl. ¶ 20.) To that end, Plaintiff has not indicated any facts whatsoever to suggest that his claims meet the onerous requirements to state a RICO violation.[4] Rather, as Defendants correctly note, Plaintiff's claims amount to a "garden variety commercial contract dispute." (Defs.' Mem. at 1, 8.) Plaintiff's motion for leave to amend only supports that conclusion by alleging that Defendants "breached" the parties' settlement agreement, engaged in "bad faith conduct of using the Settlement Agreement and Release of Claims to create confusion over who is to settle the remaining balance," and "have not fulfilled their obligations under the specific action stipulated by the Agreement." (Pl's. PMC Ltr. at 1.)

In short, nothing about Plaintiff's factual allegations resembles a RICO violation. And, as Caliber correctly notes, courts routinely reject efforts to transform breach of contract claims into RICO actions. (Defs.' Resp. Ltr. at 2); *e.g.*, *New York State Cath. Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 300 (E.D.N.Y. 2015) ("Plaintiff has failed to establish the necessary elements of a RICO claim[; t]he parties' pleadings and supporting exhibits, when

---

[4] "To state a claim for civil damages under RICO, a plaintiff must first allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962." *New York State Cath. Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 295 (E.D.N.Y. 2015) (citing *Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir. 1983)). The plaintiff must establish "'seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.'" *New York State Cath. Health Plan*, 312 F.R.D. at 295 (citing *Hinterberger v. Catholic Health Sys., Inc*., 536 F. Appx. 14 (2d Cir. 2013)). The plaintiff must also "allege injury to business or property by reason of the section 1962 violation." *Id*.

7

viewed in the light most favorable to the plaintiff, set forth nothing more than a contract dispute.").[5] The Court therefore denies Plaintiff's motion for leave to amend as futile.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, Plaintiff's motion for leave to amend his amended complaint is DENIED, and the Amended Complaint is DISMISSED. The Clerk of Court is respectfully directed to mail a copy of this order to the pro se Plaintiff and close the case.

Dated: Brooklyn, New York
September 27, 2023

SO ORDERED:

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[5] *See also Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 394 (S.D.N.Y. 2000) ("I surmise that every member of the federal bench has before him or her at least one—and possibly more—garden variety fraud or breach of contract cases that some Plaintiff has attempted to transform into a vehicle for treble damages by resort to . . . the litigation equivalent of a thermonuclear device—a civil RICO suit.") (internal quotation marks omitted).